NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ARNIE ARMSTRONG, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 00-3441 |
| | : | |
| BURDETTE TOMLIN MEMORIAL HOSPITAL, RICHARD KRAUS, and EDWARD MOYLETT, | : | OPINION |
| | : | |
| Defendants. | : | |

**Appearances:**

    William B. Hildebrand, Esquire
    Law Offices of William B. Hildebrand, L.L.C.
    1040 Kings Highway North, Suite 601
    Cherry Hill, New Jersey 08034
        Attorney for Plaintiff

    Timothy M. Crammer, Esquire
    Crammer, Bishop, Marczyk & O'Brien
    508 New Jersey Avenue, Suite B-3
    Absecon, New Jersey 08201
        Attorney for Defendants

**RODRIGUEZ, Senior District Judge.**

This matter comes before the Court on Defendants' Motion to Dismiss the Complaint for lack of jurisdiction [74]. For the reasons stated below, the Motion will be granted.

**BACKGROUND FACTS AND PROCEDURAL HISTORY**

This case has a lengthy history, the facts of which have been set forth in several

published opinions.  They will, therefore, only be repeated here to the extent they are pertinent to the analysis.  See Armstrong v. Burdette Tomlin Memorial Hospital, et al., 438 F.3d 240, 242-45 (3d Cir. 2006); Armstrong v. Burdette Tomlin Memorial Hospital, et al., 276 F. Supp. 2d 264, 266-67 (D.N.J. 2003).

On or about July 17, 2000, Plaintiff filed a Complaint in the District of New Jersey alleging that the Defendants[1] were liable for failing to compensate him for overtime hours in violation of the Fair Labor Standards Act ("FLSA"); discriminating against him on the basis of his disability and age in violation of the New Jersey Law Against Discrimination ("NJLAD"); retaliating against him for filing complaints with the Equal Employment Opportunity Commission ("EEOC") and New Jersey Division on Civil Rights in violation of the NJLAD[2]; subjecting him to a hostile work environment by participating in acts of discrimination and harassment in violation of the NJLAD; wrongfully discharging him in violation of the NJLAD; and intentionally inflicting emotional distress upon him.

In April of 2002, Plaintiff's claims were tried before a jury.  At the close of the case, the district court, granted Defendants' unopposed Rule 50 motion as to Plaintiff's

---

[1]The Complaint named Barbara Young as a defendant; however, she is no longer involved in this litigation.

[2]The disposition of this Motion likely would be different if Plaintiff had pursued a claim of retaliation pursuant to Title VII; however, the Court is constrained to determine its jurisdiction based on the Complaint. See United Mine Workers of Am. V. Gibbs, 383 U.S. 715, 727 (1996) (noting that the question of jurisdictional power "will ordinarily be resolved on the pleadings"); see also McNutt v. Gen. Motors Acceptance Corp. of Ind., 298 U.S. 178, 189 (1936) (holding that the essential facts establishing jurisdiction must appear on the face of the complaint).

FLSA claim. The remaining claims proceeded to verdict and the jury awarded Plaintiff $50,000.00. After the trial, Defendants successfully moved for a new trial pursuant to Rule 59 on the ground that their statutory right to peremptory challenges was violated.

In March of 2003, a second jury trial of the state law claims was held before the district court. Prior to jury selection, the district court, after hearing the parties' positions, determined that it would exercise its discretion pursuant to 28 U.S.C. § 1967(c) and proceed with the trial. The jury returned a verdict in favor of Defendants on all counts.

Plaintiff appealed to the Third Circuit and on January 30, 2006, it affirmed in part and vacated in part. The Third Circuit remanded the case for a new trial on two of Plaintiff's NJLAD claims–failure to accommodate and discrimination on the basis of a disability. On remand, the case was reassigned to this Court.

## DISCUSSION

Following remand, the Defendants filed a Motion to Dismiss the Complaint for Lack of Subject Matter Jurisdiction. First, Defendants argue that this Court does not have subject matter jurisdiction over the remaining claims because they are state law claims and do not meet the "case or controversy" requirement of 28 U.S.C. § 1367(a). Second, Defendants argue that, in the event this Court determines that jurisdiction exists under 28 U.S.C. § 1367(a), it should decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(2) and/or (c)(3). It is only after the Court is satisfied that it has supplemental jurisdiction under 28 U.S.C. § 1367(a) that it can exercise its sound discretion under 28

3

U.S.C. § 1367(c)(2) and/or (c)(3).  New Jersey Tpk. Auth. v. PPG Indus., Inc., 197 F.3d 96, 113 (3d Cir. 1999).  Therefore, each of Defendants' arguments will be addressed in turn.

**A.  28 U.S.C. § 1367(a)**[3]

As an initial matter, it is beyond reason that Defendants have not raised this issue at some earlier point in the litigation; however, this Court will, as it must, first determine whether it has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a).[4]

Under 28 U.S.C. § 1367,

in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that

---

[3] A district court's decision pursuant to 28 U.S.C. § 1367(c) to exercise supplemental jurisdiction over a plaintiff's state law claims is discretionary.  New Jersey Tpk. Auth., 197 F.3d at 113.  Therefore, if a party fails to object to the district court's exercise of supplemental jurisdiction, the challenge is ordinarily waived.  Id.  However, a district court's determination as to whether supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367(a) goes directly to the court's subject matter jurisdiction and, therefore, may not be waived.  See Peter Bay Homeowners Ass'n v. Stillman, 294 F.3d 524, 534 (3d Cir. 2002) (noting that "[o]nce it is determined that a court could have exercised supplemental jurisdiction over these matters, its decision to exercise supplemental jurisdiction is subject to the court's discretion"); see also Doe ex rel. Fein v. District of Columbia, 93 F.3d 861, 871 (D.C. Cir. 1996) (holding that a claim that the court lacks subject matter jurisdiction may not be waived and further holding that the power to resolve a state law claim under Article III is not established until "it is clear that the complaint raises a substantial federal question and that the federal and state claims arise from a 'common nucleus of operative facts'") (quoting Gibbs, 383 U.S. at 725).

[4] The Court does not have diversity jurisdiction pursuant to 28 U.S.C. § 1332.  Therefore, it may not entertain the state law claims if it does not have supplemental jurisdiction.

4

are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a) (1990).  Supplemental jurisdiction permits a federal court to exercise subject matter jurisdiction over a claim that it normally would be precluded from hearing as long as the supplemental matters involve or relate to the same case or controversy as a matter properly before the court.  Peter Bay Homeowners Ass'n, 294 F.3d at 533-34 (citing HB Gen. Corp. v. Manchester Partners, 95 F.3d 1185, 1191 (3d Cir. 1996)).

In order to satisfy the "case and controversy" requirement of 28 U.S.C. § 1367(a), the "state and federal claims must derive from a common nucleus of operative fact." Gibbs, 383 U.S. at 725.  Because the test for "common nucleus of operative facts" is a difficult one, the Third Circuit has noted that "[i]n trying to set out standards for supplemental jurisdiction and to apply them consistently, [it] has observed that, like unhappy families, no two cases of supplemental jurisdiction are exactly alike." Nanavati v. Burdette Tomlin Mem'l Hosp., 857 F.2d 96, 105 (3d Cir. 1988).

The two extremes of supplemental jurisdiction are clear.  "[W]hen the same acts violate parallel federal and state laws, the common nucleus of operative facts is obvious and federal courts routinely exercise supplemental jurisdiction over the state law claims." Pueblo Int'l, Inc. v. De Cardona, 725 F.2d 823, 826 (1st Cir. 1984).  Therefore, "district courts will exercise supplemental jurisdiction if the federal and state claims 'are merely alternative theories of recovery based on the same acts.'"  Lyon v. Whisman, 45 F.3d

758, 761 (3d Cir. 1995) (quoting Lentino v. Fringe Employee Plans, Inc., 611 F.2d 474, 479 (3d Cir. 1979)).  However, district courts may not exercise supplemental jurisdiction over state law claims when they are "totally unrelated to a cause of action under federal law." Id.

While some courts have read the "common nucleus of operative facts" to require only a "loose" nexus between a plaintiff's federal and state claims, see Prakash v. Am. Univ., 727 F.2d 1174, 1183 (D.C. Cir. 1984), the Third Circuit has expressly rejected this interpretation.  The Third Circuit has reasoned that "there is virtually no support for this broad reading of Article III and Gibbs." Lyon, 45 F.3d at 762.  As one court has noted, "[i]t is therefore apparent that the Third Circuit interprets § 1367 and Gibbs narrowly." Derasmo v. Hospitatlity Franchise Sys., Inc., No. 93-46, 1995 WL 274501 (D.N.J. May 8, 1995).

The employment relationship between a plaintiff and a defendant is an insufficient factual nexus to confer supplemental jurisdiction.  In Lyon,[5] the plaintiff brought suit in federal court against her employer under the FLSA for failing to pay overtime and under state law theories in contract and tort for failing to pay a promised bonus. Id. at 758-59.  The Third Circuit determined that it lacked jurisdiction to review the state law claims and rejected the notion that "FLSA plaintiffs can try all state law contract claims against their

---

[5]In this part of the opinion, the Lyon Court approached the analysis with the assumption that "Congress intended district courts in FLSA actions to exercise supplemental jurisdiction subject only to the limits of Article III." Id. at 763.

employers in a federal proceeding," because the employment relationship alone does not provide a factual nexus sufficient to confer supplemental jurisdiction. Id. at 762.[6] The court reasoned that because the plaintiff's FLSA claim involved a very narrow, well-defined factual issue regarding hours worked during particular weeks and the plaintiff's state law contract and tort claims involved the defendant's underpayment and/or refusal to pay the plaintiff's bonus there was "so little overlap between the evidence relevant to the FLSA and state claims, that there [was] no 'common nucleus of operative fact' justifying supplemental jurisdiction over the state law claims." Id. at 763.

Moreover, the Third Circuit has indicated that congressional intent, rather than constitutional constraints, provides an additional ground for declining jurisdiction under 28 U.S.C. § 1367 when the federal claim is based on the FLSA.[7] Id. at 764. The court

---

[6]Compare Prakash, 727 F.2d at 1183 (holding that an employment relationship is enough to satisfy the case and controversy requirement) with Hales v. Winn-Dixie Stores, Inc., 500 F.2d 836, 847-48 (4th Cir. 1974) (holding that supplemental jurisdiction did not exist even though "plaintiffs may have sought [the federally mandated] information in order to consider and/or assert their [state law] claims, [because] their causes of action under both [counts] are separately maintainable and determinable without any reference to the facts alleged or contentions stated in or with regard to the other count"), and Nicol v. Imagematrix, Inc., 767 F. Supp. 744, 747 (E.D. Va. 1991) (holding that supplemental jurisdiction did not exist where the sole common fact between the state and federal claims was the employment relationship).

[7]However, the court noted that this reading did not prevent district courts from exercising supplemental jurisdiction in all cases where the federal claim was based on the FLSA. Lyon, 45 F.3d at 764. The court predicted that it would be proper for a district court to exercise supplemental jurisdiction, when, for example, "an employee seeking to enforce an employment contract granting hourly wages in excess of the (statutorily required) time and a half" had a state law breach of contract claim since the "operative facts" in support of both claims would be identical. Id.

7

noted that there was no "indication that Congress passed the FLSA with the expectation that it was authorizing federal courts to exercise far-reaching jurisdiction over state-law disputes arising from employment relationships." Id.; see also McLeod v. Threlkeld, 319 U.S. 491, 493 (1943) (holding that "[i]n the [FLSA], Congress did not intend that the regulation of hours and wages should extend to the furthest reaches of federal authority"). It reasoned that Congress enacted the FLSA "to correct and as rapidly as practicable to eliminate [labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers]." Id. at 763 (quoting 29 U.S.C. § 202 (1974)). Finally, it added that "when a court exercises federal jurisdiction pursuant to a rather narrow and specialized federal statute it should be circumspect when determining the scope of its supplemental jurisdiction." Id.

In this case, Plaintiff's FLSA claim involves a very narrow, well-defined factual issue about the hours he worked during particular weeks. See (Complaint, ¶¶ 44-45) (stating that "Plaintiff was classified as a non-exempt employee eligible for overtime pay for hours worked in excess of 40 hours within one workweek. Plaintiff routinely worked in excess of 40 hours per workweek and received no compensation for these hours in violation of the [FLSA]."). On the other hand, the facts relevant to Plaintiff's state law claims involve Defendants' acts of discrimination, retaliation, failure to make reasonable accommodation, and wrongful discharge and pattern of hostile work environment. (Complaint, ¶¶ 68, 90, 97, 110.) The facts relevant to the federal and state law claims are

quite distinct.[8] The only overlapping fact among the claims is Plaintiff's employment relationship with Defendants.

While the Court is mindful of the financial and emotional burdens Plaintiff has endured during the course of this litigation and the consideration of judicial economy, neither of these considerations obviate its responsibility to satisfy the requirements of Article III. As the Supreme Court has noted,

> [t]he age-old rule that a court may not in any case, even in the interest of justice, extend its jurisdiction where none exists has always worked injustice in particular cases. Parties often spend years litigating claims only to learn that their efforts and expense were wasted in a court that lacked jurisdiction.

Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 818 (1988) (citing K Mart Corp. v. Cartier, Inc., 485 U.S. 176 (1988); United States v. Hohri, 482 U.S. 64 (1987)). Therefore, because Plaintiff's state law claims do not arise out of the same case or controversy as his FLSA claim, the Court is constrained to dismiss the Complaint for lack of subject matter jurisdiction.[9]

---

[8] In reviewing the district court's decision to grant a partial new trial pursuant to Rule 59(a), the Third Circuit noted that "it is difficult to understand how the FLSA claim could be so closely intertwined with the LAD claims to require its retrial if both parties agreed that no support existed for the FLSA claim, and yet sufficient evidence existed to send the separate LAD claims to the jury." Armstrong, 438 F.3d at 253.

[9] Although the judgment entered by the district court in favor of Defendants and against Plaintiff on his claim for age discrimination in violation of the LAD is void, see United States v. One Toshiba Color Television, 213 F.3d 147, 157 (3d Cir. 2000) (holding that when a district court lacks subject matter jurisdiction, the judgment is void, and "no passage of time can render a void judgment valid"), this Court may not provide Plaintiff relief from the judgment prior to the filing of a Rule 60(b)(4) motion.

**B. 28 U.S.C. § 1367(c)**[10]

Defendants argue, in the alternative, that even if this Court finds that it has jurisdiction, it should not exercise its discretion to hear the state claims. If Section A, supra, was not dispositive, the Court would find overwhelming justification in support of exercising jurisdiction over Plaintiff's state law claims.

First, Defendants have waived any argument that this Court should not exercise its discretion to hear Plaintiff's state law claims by not challenging that determination on appeal with the Third Circuit. Second, the Supreme Court has recognized that while supplemental jurisdiction need not be exercised in every case in which it is found to exist, "[i]ts justification lies in considerations of judicial economy, convenience and fairness to litigants. . . ." Gibbs, 383 U.S. at 726. Based on the lengthy procedural history of this case in federal court, these considerations most assuredly weigh in favor of this Court exercising jurisdiction over Plaintiff's state law claims.

However, because the Court is required to dismiss the case for lack of subject

---

[10]Title 28 U.S.C. § 1367(c) states, in pertinent part, that:
(c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if--
(1) the claim raises a novel or complex issue of State law,
(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
(3) the district court has dismissed all claims over which it has original jurisdiction, or
(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.
28 U.S.C. § 1367(c) (1990).

matter jurisdiction consistent with its analysis under 28 U.S.C. § 1367(a), it may not reach the equity balancing of 28 U.S.C. § 1367(c).

## CONCLUSION

Based on the foregoing, Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction [74] will be granted and Plaintiff's Complaint will be dismissed.

An appropriate Order will issue this date.

/s/ Joseph H. Rodriguez
JOSEPH H. RODRIGUEZ
United States District Judge

DATED: May 25, 2006