NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ARNIE ARMSTRONG, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 00-3441 |
| | : | |
| v. | : | OPINION |
| | : | |
| BURDETTE TOMLIN MEMORIAL HOSPITAL, RICHARD KRAUS, and EDWARD MOYLETT, | : | |
| | : | |
| Defendants. | : | |

**Appearances:**

    William B. Hildebrand, Esquire
    Law Offices of William B. Hildebrand, L.L.C.
    1040 Kings Highway North, Suite 601
    Cherry Hill, New Jersey 08034
        Attorney for Plaintiff

    Timothy M. Crammer, Esquire
    Crammer, Bishop, Marczyk & O'Brien
    508 New Jersey Avenue, Suite B-3
    Absecon, New Jersey 08201
        Attorney for Defendants

**RODRIGUEZ, Senior District Judge.**

This matter comes before the Court on Plaintiff's Motion for Relief from Judgment [81] pursuant to FED. R. CIV. P. 60(b)(4) ("Rule 60(b)(4)"). For the reasons stated below, the motion will be granted.

1

**BACKGROUND FACTS AND PROCEDURAL HISTORY**

This case has a lengthy history, the facts of which have been set forth in several published opinions. They will, therefore, only be repeated here to the extent they are pertinent to the analysis. See Armstrong v. Burdette Tomlin Memorial Hospital, et al., 438 F.3d 240, 242-45 (3d Cir. 2006); Armstrong v. Burdette Tomlin Memorial Hospital, et al., 276 F. Supp. 2d 264, 266-67 (D.N.J. 2003).

On or about July 17, 2000, Plaintiff filed a Complaint in the District of New Jersey alleging that the Defendants[1] were liable for failing to compensate him for overtime hours in violation of the Fair Labor Standards Act ("FLSA"); discriminating against him on the basis of his disability and age in violation of the New Jersey Law Against Discrimination ("NJLAD"); retaliating against him for filing complaints with the Equal Employment Opportunity Commission ("EEOC") and New Jersey Division on Civil Rights in violation of the NJLAD; subjecting him to a hostile work environment by participating in acts of discrimination and harassment in violation of the NJLAD; wrongfully discharging him in violation of the NJLAD; and intentionally inflicting emotional distress upon him.

In April of 2002, Plaintiff's claims were tried before a jury. At the close of the case, the district court, granted Defendants' unopposed Rule 50 motion as to Plaintiff's FLSA claim. The remaining claims proceeded to verdict and the jury awarded Plaintiff $50,000.00. After the trial, Defendants successfully moved for a new trial pursuant to

---

[1]The Complaint named Barbara Young as a defendant; however, she is no longer involved in this litigation.

Rule 59 on the ground that their statutory right to peremptory challenges was violated.

In March of 2003, a second jury trial of the state law claims was held before the district court. Prior to jury selection, the district court, after hearing the parties' positions, determined that it would exercise its discretion pursuant to 28 U.S.C. § 1967(c) and proceed with the trial. The jury returned a verdict in favor of Defendants on all counts.

Plaintiff appealed to the Third Circuit and on January 30, 2006, it affirmed in part and vacated in part. The Third Circuit remanded the case for a new trial on two of Plaintiff's NJLAD claims–failure to accommodate and discrimination on the basis of a disability. On remand, the case was reassigned to this Court.

On April 11, 2006, Defendants filed a Motion to Dismiss Plaintiff's Complaint for lack of subject matter jurisdiction. On May 25, 2006, this Court determined that it lacked subject matter jurisdiction over the Complaint and granted Defendants' motion.

## DISCUSSION

Subsequently, Plaintiff filed a Motion for Relief from Judgment pursuant to Rule 60(b)(4). Plaintiff argues that it is entitled to relief from the judgment of no cause for action that was unaffected by the Third Circuit's decision because this Court lacked subject matter jurisdiction over its claims. Defendants argue that there is no judgment from which this Court may give Plaintiff relief because its judgment effectively was vacated by the Third Circuit's decision affirming in part and reversing in part.[2]

---

[2] Defendants do not argue that the judgment is not void. See (Defs' Br., p. 6) (stating that "the March 24, 2003 judgment is no longer valid and enforceable").

**A. May the Court Consider the Issue?**

A district court may consider a Rule 60(b) motion after that judgment has been affirmed by either the Supreme Court or the circuit.  In Standard Oil Co. v. United States, after the entry of a jury verdict and summary affirmance by the Supreme Court, the plaintiff moved before the Supreme Court to have the its judgment set aside on the basis of alleged misconduct on the part of the government.  429 U.S. 17, 17 (1976).  The Court "[held] that the District Court may entertain a Rule 60(b) motion without leave by [the] Court."  Id.  The Court reasoned that although both it and many courts of appeals had required appellate leave before the district court could reopen a case that had been reviewed on appeal, the arguments supporting that practice were unpersuasive because the appellate mandate relates to the record and issues before the court at the time of appeal, and does not deal with possible later events.[3]  Id. at 18; see also Sellers v. Gen. Motors Corp., 735 F.2d 69, 69 (3d Cir. 1984) (holding that its affirmance on the record made before the district court prior to the appeal did not operate as a limit of the district court's power to consider Rule 60(b) relief) and Landano v. Raferty, 126 F.R.D. 627, 632 D.N.J. 1982) rev'd on other grounds, 897 F.2d 661 (3d Cir. 1990) (noting that "[s]ince the Standard Oil decision, the Third Circuit has only refused to permit the reopening of a previously-affirmed judgment where the same facts or arguments in support of reopening

---

[3]The Court also reasoned that "the interest of finality is no more impaired in this situation than in any Rule 60(b) proceeding. . . . [and that] the appellate-leave requirement adds to the delay and expense of litigation and also burdens the increasingly scarce time of the federal appellate courts."  428 U.S. at 19.

the judgment were previously before the court of appeals or where newly asserted facts or arguments would not have affected the court's affirmance even had they been asserted earlier").

Defendants argue that this Court should not consider Plaintiff's motion because "the underlying purpose . . . is to involve the court in what will likely be a dispute between the parties over the preclusive effect, if any, to be given to the federal court proceedings in any subsequent state court action. . . . It is inappropriate to involve this court in matters that, if raised in a subsequent state court action, will have to be determined by the state court." (Defs Br., p. 7.) However, Defendants' argument, taken to its logical extreme, would render Rule 60(b)(4) a nullity. Plaintiff's motion does not seek a ruling on the preclusive effect of this Court's March 24, 2003 judgment; rather, Plaintiff seeks a determination by this Court as to whether he should be relieved of the judgment entered against him by this Court. Plaintiff is entitled to such a determination. See e.g., Boughner v. Sec'y of Health, Educ. & Welfare, 572 F.2d 976, 977 (3d Cir. 1978) (noting that while a Rule 60(b) motion is normally reviewed for abuse of discretion, "the District Court has no discretion in considering motions predicated on the voidness of the original judgment"); see also Constr. Drilling, Inc. v. Chusid, 131 F. App'x 366, 372 (3d Cir. 2005) (quoting Cent. Vermont Pub. Serv. Corp. v. Herbert, 341 F.3d 186, 189 (2d Cir. 2003) (noting that "under Rule 60(b)(4) a deferential standard of review is not appropriate because if the underlying judgment is void, it is a per se abuse

of discretion for a District Court to deny a movant's motion to vacate the judgment under Rule 60(b)(4)"). Therefore, this argument is without merit.

Finally, Defendants rely on Chemical Leaman Tank Lines, Inc. v. Aetna Cas. and Sur. Co., 177 F.3d 210 (3d Cir. 1999), for the proposition that "where a District Court's judgment is affirmed in part and reversed in part on appeal, as in this case, the District Court's judgment is effectively vacated by the appellate court's decision, and replaced by the appellate court's judgment." (Defs Br., p. 6.) While it is true that the Third Circuit sought to determine whether the existence of subject matter jurisdiction was an issue open to judicial consideration at the respective procedural juncture, the court held that it was. Id. at 221. Rather than support Defendants' proposition, this case undermines it.

In Chemical Leaman, the plaintiff entered into a consent agreement with the EPA admitting liability under CERCLA, and agreeing to remediate and/or pay for remediation at one of its sites. Id. at 215. After its various insurers denied coverage, the plaintiff brought suit in the district court. Id. The district court made several findings, and after a jury trial, entered a judgment. Id. at 216-17. The defendants appealed to the Third Circuit and it "affirmed the District Court's judgment 'except as to the allocation of liability,'" and remanded with instructions that the District Court reallocate the damages "among applicable policies in accordance with the New Jersey Supreme Court's holding in [[an] intervening case]." Id. at 217.

On remand, the defendants brought the issue of subject matter jurisdiction to the

6

district court. Id. at 219. The court determined that it had subject matter jurisdiction and entered a final order. Id. The defendants again appealed to the Third Circuit. Id. The Third Circuit raised, sua sponte, the existence of subject jurisdiction. Id.

The Third Circuit held that there was no procedural bar to its consideration of the propriety of subject matter jurisdiction at this procedural juncture. Id. at 219, 221. The court set forth the following general rule:

> The general rule is that "where non-waivable subject matter jurisdiction is lacking but not raised, a final judgment has res judicata effect in a subsequent proceeding, and a collateral attack based on the want of subject matter jurisdiction is barred. Mitchell v. Comm'n on Adult Entm't Establishments, 12 F.3d 406, 408-09 (3d Cir. 1993). This rule applies whether or not the issue of subject matter was litigated. See id. The logical corollary to this general rule is that as long as a case is pending, the parties or the court on its own motion may raise the issue of federal court jurisdiction at any stage of the proceedings. See Depex Reina 9 P'ship v. Texas Int'l Petroleum, 897 F.2d 461, 464 (10th Cir. 1990). Specifically, if there is no final judgment outstanding into which the defense of lack of jurisdiction can merge and proceedings are continuing, res judicata does not operate to bar consideration of a challenge to the jurisdiction of the court. See id.

Id. at 219-20 (further citation omitted). The court reasoned that

> It is important to note that subject matter jurisdiction was not an issue litigated in the first district court proceeding. When an appellate court approves something the district court has done and not others, issue preclusion does foreclose further consideration of an issue on which the district court has been "affirmed." However, the doctrine of claim preclusion bars consideration of an issue not litigated below only if there exists a valid, enforceable judgment into which a claim or defense has merged. We do not have one here. See Int'l Tel. & Tel. Corp. v. Gen. Tel. & Elecs. Corp., 527 F.2d 1162 (4th Cir. 1975) (noting that because Court of Appeals reversed judgment in part, no final judgment existed on which defendant could advance res judicata defense).

Id. at 220. Morever, the court rejected the plaintiff's argument that the remand was a

supplemental proceeding after the issuance of the declaratory judgment. Id. at 220-21. Therefore, the court proceeded to consider the propriety of subject matter jurisdiction. Id. at 221.

Here, like in Chemical Leaman, the Third Circuit, on appeal, affirmed in part and reversed in part the judgment of the district court; therefore, the judgment of this Court is not final. In addition, like in Chemical Leaman, the issue of subject matter jurisdiction has not been raised before either the Third Circuit or this Court in earlier proceedings; therefore, the doctrines of issue and claim preclusion do not bar consideration of subject matter jurisdiction. Accordingly, it is within this Court's power to entertain Plaintiff's Rule 60(b) motion because it does not raise the same facts or arguments in support of reopening the judgment that were previously before the Third Circuit and it does not assert new facts or arguments that would have affected the Third Circuit's affirmance even had they been asserted earlier.

**B. Is the Judgment Void?**

A judgment rendered by a court that lacked subject matter jurisdiction is void. In Marshall v. Bd. of Educ., Bergenfield, NJ, the Third Circuit held that "[a] judgment may indeed be void, and therefore subject to relief under 60(b)(4), if the court that rendered it lacked jurisdiction of the subject matter or the parties or entered 'a decree which is not within the powers granted to it by the law.'" 575 F.2d 417, 422 (3d Cir. 1978) (quoting United States v. Walker, 109 U.S. 258, 265-67 (1883)); see also 11 CHARLES ALAN

WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2862 (2d ed. 2006) (noting that "[a] judgment is not void merely because it is erroneous. It is void only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law.") and <u>Christian v. All Persons Claiming any Right, Title or Interest in all Props. Known as Described as: all Props. Known as Newfound Bay</u>, 103 F. App'x 447, 449 n.6 (3d Cir. 2004) (quoting <u>United States v. One Toshiba Color Television</u>, 213 F.3d 147, 157 (3d Cir. 2000) (noting that when the district court lacks subject matter jurisdiction, the judgment is void, and "no passage of time can render a void judgment valid").

    Here, Defendants argued in an earlier motion that this Court lacked subject matter jurisdiction over Plaintiff's claims such that it was without power to retry the action on remand. In an Order dated May 25, 2006, this Court agreed and held that it lacked subject matter jurisdiction over Plaintiff's claims. Therefore, to the extent that the Court lacks subject matter jurisdiction over Plaintiff's claims on remand, it lacked subject matter jurisdiction to enter judgment against Plaintiff on the claims that were affirmed. Accordingly, Plaintiff's Motion for Relief from Judgment pursuant to Rule 60(b)(4) on the ground that it is void for lack of subject matter jurisdiction will be granted.

## **CONCLUSION**

Based on the foregoing, Plaintiff's Motion for Relief from Judgment [81] will be granted.

An appropriate Order will issue this date.

<u>/s/ JOSEPH H. RODRIGUEZ</u>
JOSEPH H. RODRIGUEZ
United States District Judge

DATED:  July 7th, 2006